# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 1:19-cv-01259 - AWI - JLT |
| Plaintiff, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| RAMON A. BARAJAS-QUIJADA and GUSTAVO GARCIA, JR., individually and doing business as CULICHI SUSHI AND MARISCOS, | (Docs. 11, 14) |
| Defendants. | |

G & G Closed Circuit Events, LLC seeks the entry of default judgment against Ramon A. Barajas-Quijada and Gustavo Garcia, Jr, individually and doing business as Culichi Sushi and Mariscos. (Doc. 11) The magistrate judge recommended Plaintiff's request for default judgment be granted in the amount of $13,100.00. (Doc. 14) For the reasons set forth below, Plaintiff's objections to the recommendations are overruled, and the findings and recommendations of the magistrate judge are adopted in full.

I. **Background**

G & G Closed Circuit Events, LLC asserts the company possessed the exclusive rights to the nationwide commercial distribution of "*Saul 'Canelo' Alvarez v. Gennady 'GGG' Golovkin II Championship Fight Program,*" ("the Program") televised on September 15, 2018. (Doc. 1 at 5, ¶ 20) However, Plaintiff contends Defendants broadcast the Program at Culichi Sushi and Mariscos without

paying the requisite fee. (Id., ¶¶ 16-17) Defendants were served with the summons and complaint filed on September 10, 2019 (Docs. 6-7) but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Default was entered on October 30, 2019. (Docs. 8-9)

On December 6, 2019, Plaintiff filed a second motion for default judgment, which is now pending before the court. (Doc. 11)

## II. Findings and Recommendations

### A. *Eitel* Factors

The magistrate judge reviewed the factors set forth by the Ninth Circuit in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), to determine whether the request for default judgment should be granted. (Doc. 14 at 3-7) In particular, the magistrate judge found the plaintiff would be prejudiced if default judgment was not granted. (Id. at 3, citing Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002)) In addition, she found the merits of the plaintiff's claims and the sufficiency of the complaint weighed in favor of the entry of default judgment, because the facts supported a claim for conversion and a violation of the Communications Act. (Id. at 3-5) Likewise, the magistrate judge found there was "little possibility of dispute concerning material facts," and the defendants' conduct did not weigh against the entry of default judgment. (Id. at 6-7)

Though the sum of the money requested could weigh against default judgment, the magistrate judge observed that "the statutes involved contemplate such an award under certain circumstances," and authorize awards up to $110,000." (Doc. 14 at 6, citing G & G Closed Events, LLC v. Shahen, 2012 WL 1455087, at *6 (E.D. Cal. Apr. 26, 2012). Therefore, this factor did not weigh against Plaintiff's request for default judgment. (Id.) Finally, the magistrate judge determined that "[t]he policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because Defendants' failure to appear before the Court and defend in this action makes a decision on the merits impractical." (Id. at 6-7)

### B. Damages

Having determined the *Eitel* factors weighed in favor of the entry of default judgment, the magistrate judge evaluated the requested damages. (Doc. 14 at 7-9) The magistrate judge noted:

Hector Cardenas, Plaintiff's investigator, attached an advertisement for the Program

| | |
|---|---|
| 1 | broadcast Culichi Sushi and Mariscos, which stated: Join us this Saturday for Canelo |
| 2 | vs. GGG2 fight. $10 event charge. Live music, Mexican party after the fight to celebrate Mexican Independence Day!!!" (Doc. 11-3 at 4) Mr. Cardenas indicated he |
| 3 | paid the $10 to enter, and observed five televisions that ranged in size from 32 inches to 50 inches. (*Id.* at 2) He stated that he observed the fight, but did not clarify if the fight |
| 4 | was on one television or all five. (*See id.*) Mr. Cardenas estimated the capacity of the restaurant was 100 people, and he counted the number of patrons three times, finding |
| 5 | 54, 56, and 58 people were present. (*Id.*) |

(Doc. 14 at 7) Having reviewed these factors, the magistrate judge round an award of $5,600, or twice the cost of a proper sublicense, was appropriate. (Id.)

The magistrate judge noted this Court has awarded enhanced damages "where the defendant imposes a cover charge or fee." (Doc. 14 at 8-9, citing, e.g., J & J Sports Prods., Inc. v. Mendoza, 2015 WL 5009000, at *4 (E.D. Cal. Aug. 20, 2015); see also Joe Hand Promotions, Inc. v. Burleson, 2011 WL 4905631, at *5 (E.D. Cal. Oct. 14, 2011)) Because the evidence submitted established that "Defendants *both* advertised the fight at Culichi Sushi and Mariscos and a $10 cover charge was required," the magistrate judge recommended enhanced damages in the amount of $7,500 be awarded. (Id. at 9, emphasis in original)

Finally, the magistrate judge found that "because Plaintiff elected to receive statutory damages rather than actual damages under the Communications Act, damages for conversion are subsumed into the total award of $13,100." (Doc. 14 at 9). Thus, the magistrate judge also recommended additional damages for conversion be denied. (Id.)

### III. Plaintiff's Objections

Plaintiff was given fourteen days to file any objections to the recommendations. (Doc. 14 at 10-11) In addition, the plaintiff was "advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. (Id. at 11, citing Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014)). On January 21, 2020, Plaintiff filed timely objections. (Doc 15)

Plaintiff objects to the amount of damages recommended by the magistrate judge. (See Doc. 15 at 1-2) According to Plaintiff, the statutory damages award of $5,600 "does not sufficiently compensate Plaintiff," and argues that the magistrate judge should have applied a greater multiplier to the cost of a sublicense. (Id. at 1, 3) In addition, Plaintiff asserts the amount of enhanced damages

does not "properly address the severity of Defendants' violation," asserting the magistrate judge erred in making inferences in favor of Defendants rather than Plaintiff in analyzing the evidence presented related to the advertisement and cover charge. (Id. at 2, 4) Finally, Plaintiff requests $2,800 be awarded for conversion—"the amount Defendant would have had to pay to broadcast the Program lawfully"—arguing the election to receive statutory damages does not impact the availability of damages for other violations. (Id. at 7-8) Therefore, Plaintiff requests that the Court now award $8,400 in statutory damages; $25,200 in enhanced statutory damages; and $2,800 in conversion damages. (Id. at 8)

**IV.     Discussion and Analysis**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations . . ." 28 U.S.C. § 636(b)(1). If objections to the findings and recommendations are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. Id. A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). Accordingly, because Plaintiff objects to the findings related to the amount of damages to be awarded, the Court addresses damages under the Federal Communications Act and conversion.

    **A.     Statutory and Enhanced Damages**

Under the Federal Communications Act, a plaintiff may recover actual damages or statutory damages "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). When a court finds a violation was "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain," a court may award enhanced damages by increasing the awarded damages up to $100,000.00 for each violation. Id. at § 605(e)(3)(C)(ii).

Notably, courts have declined to award damages that greatly exceed the cost of a commercial licensing fee. For example, in *J&J Sports Prods. v. Martinez*, the plaintiff requested "nearly three times the $1,600 amount of the commercial licensing fee for the Program" and $20,000 in enhanced damages, arguing—as Plaintiff suggests here— "that an increased statutory damages amount is warranted not only to compensate it for loss of revenue, but also to deter broadcast piracy in the future." Id., Case

4

No. 1:14-cv-01578-DAD-BAM, 2017 U.S. Dist. LEXIS 72235 at *3, (May 20, 2017). The Court awarded a total of $2,000 in damages, which included $200.00 in enhanced damages. Id. Likewise, the Northern District declined a request from G &G Closed Circuit events for an award twice the cost of a commercial licensing fee, finding the statutory minimum of $1,000 to be appropriate—despite the fact that the licensing fee was $3,200. G & G Closed Circuit Events, LLC v. Zapata, 2019 WL 3363793 (N.D. Cal. Apr. 30, 2019)

As the magistrate judge observed, there were no factual allegations in the complaint supporting a conclusion that the defendant's actions were willful or for the purpose of financial gain, such that enhanced damages are appropriate. Previously, the Court explained:

> To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56 (internal quotation marks and citations omitted). In its complaint, Plaintiff simply alleged a legal conclusion: "Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendant [sic] was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."

Joe Hand Promotions, Inc. v. Hathcock, 2012 U.S. Dist. LEXIS 101208, at *2-3 (E.D Cal. July 20, 2012). Indeed, the complaint in this case contains the same language as the complaint in Hathcock (see Doc. 1 at 6, ¶ 24), and suffers the same pleading and factual deficiencies. Nevertheless, Plaintiff presented evidence of an advertisement and cover charge.

Although Plaintiff contends the magistrate judge viewed the evidence presented in the light most favorable to Defendants, the Court's review indicates that inferences were taken in favor of Plaintiff. For example, the magistrate judge reviewed the advertisement submitted by Plaintiff in support of the motion for default judgment and considered this as a factor in favor of both the statutory award that was double the licensing fee and enhanced damages. However, Hector Cardenas, Plaintiff's investigator, makes no mention of the advertisement attached to his affidavit. Mr. Cardenas did not state under penalty of perjury that the advertisement was displayed at Culichi Sushi and Mariscos, where he saw it, the size of the advertisement, or the number of copies (if there was more than one).

Despite both the procedural and substantive flaws in the evidence, the magistrate judge considered the advertisement as supporting more than minimal statutory damages.

Despite Plaintiff's contention that the recommended statutory award of $5,600 "does not sufficiently compensate Plaintiff," the recommended award is *double* what Plaintiff would have received for a proper license for a venue the size of Culichi Sushi and Mariscos. Thus, the argument that Plaintiff would not be sufficiently compensated is without merit. Further, the Court finds the recommended enhanced damages of $7,500 to be appropriate in light of the cover charge paid by the individuals in attendance—ranging from 54 to 58 patrons while the investigator was present—and the advertisement that the Court presumes was seen by the investigator as it was attached to his affidavit. (See Doc. 11-3)

The total award of $13,100 is more than five times the amount Defendants would have paid for a license. This amount also would deter the defendants and others from future wrongful conduct while not destroying the business, because the proper license could be obtained at a significantly lesser cost. See Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (observing that a lower statutory award may deter while not destroying a business). Accordingly, the Court ADOPTS the recommended award of $13,100.

**B.     Conversion**

The magistrate judge declined to award additional damages for conversion, finding such damages were subsumed into the total award of $13,100. (Doc. 14 at 9) As another distict court observed, "as a matter of law that if liability is established for both a violation of § 605 and the conversion claim, [the plaintiff] must elect its remedy because the Court will not allow recovery for both." J & J Sports Prods. v. Argueta, 224 F.Supp.3d 700, 703 (W.D. Ark. 2016) Indeed, as the magistrate judge observed, this Court has repeatedly declined to award damages for conversion in addition to statutory damages for the same wrong. See, e.g., J & J Sports Prods. Inc. v. Meza, 2015 WL 1787479, at *6 (E.D. Cal. Apr. 20, 2015) ("because Plaintiff chose to receive statutory damages rather than actual damages under the Communications Act, damages for conversion are subsumed into the total award"); Joe Hand Promotions, Inc. v. Behari, 2013 WL 1129311, n.2 (E.D. Cal. Mar. 18, 2013) (explaining damages conversion would not be awarded "because the recommended statutory

damages will sufficiently compensate plaintiff such that an award for conversion damages would be duplicative"); J & J Sports Productions, Inc. v. Ferreyra, 2008 WL 4104315at *1 (E.D. Cal. Aug. 28, 2008) ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion should be denied").

As Plaintiff acknowledges, in the cases referred to by the magistrate judge, the court determined the plaintiff was sufficiently compensated through the statutory award and declined to award additional damages for the tort of conversion. (See Doc. 15 at 8; see also J & J Sports Prods. v. Mannor, 2011 WL 1135356, at *3 (E.D. Cal. Mar. 28, 2011) (finding the "plaintiff has been sufficiently compensated through the federal statutory scheme" where the award total was $3,200 and the cost of the proper license was $2,200, and declining to award additional damages for conversion); J & J Sports Prods. v. Bachman, 2010 U.S. Dist. LEXIS 44884, at *22 (E.D. Cal. May 7, 2010) (declining conversion damages because statutory damages "sufficiently compensate[d]" the plaintiff). Likewise, here the Court finds the $13,100.00 awarded under the Federal Communications Act sufficiently compensates Plaintiff, because it is more than five times the amount the company would have received from Defendants for a proper sublicense.

Accordingly, having conducted a *de novo* review, the Court agrees with the recommendation to deny a separate award of damages for conversion.

**V.     Conclusion**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this court conducted a de novo review of the case. Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations dated January 7, 2020 (Doc. 14) are **ADOPTED**;
2. Plaintiff's motion for default judgment (Doc. 11) is granted in part as follows:
    A. Plaintiff's request for statutory damages for the violation of the Communications

|   |   |   |
|---|---|---|
| 1 |  | Act is **GRANTED** in the amount of $5,600; |
| 2 | B. | Plaintiff's request for enhanced damages is **GRANTED** in the amount of $7,500; |
| 3 | C. | Plaintiff's request for separate damages for the tort of conversion is **DENIED**; |
| 4 | 3. | Judgment SHALL be entered in favor of Plaintiff G & G Closed Circuit Events, LLC and against Defendants Ramon A. Barajas- Quijada and Gustavo Garcia, Jr., individually and doing business Culichi Sushi and Mariscos; and |
| 7 | 4. | Plaintiff SHALL file any application for attorney's fees pursuant to 47 U.S.C. § 605 no later than fourteen days from the entry of judgment. |

IT IS SO ORDERED.

Dated: February 10, 2020

_____
SENIOR DISTRICT JUDGE