UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>**Plaintiff**<br><br>v.<br><br>**RAMON A. BARAJAS-QUIJADA, et al.,**<br><br>**Defendants** | CASE NO. 1:19-CV-1259 AWI JLT<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>(Doc. No. 18) |

On February 11, 2020, the Court adopted a Findings and Recommendation ("F&R") that recommended granting Plaintiff default judgment. See Doc. No. 16. By virtue of adopting the F&R, the Court found that Plaintiff was entitled to a total of $13,100 in damages for violation of 47 U.S.C. § 605. See id. The Court permitted Plaintiff to file a motion for attorneys' fees, as authorized by § 605. See id. Before the Court is Plaintiff's motion for attorneys' fees and costs.

*Parties' Arguments*

Plaintiff seeks $1,012.50 in costs that is comprised of $560 for "investigative expenses," $400 for the filing fee, and $52.50 for service of process. Plaintiff also seeks $5,920.20 in attorneys' fees for 23.42 hours spent on this case. The fee request breaks down as follows: (1) $550 per hour (or alternatively $350 per hour) for lead attorney Thomas Riley, who spent 2.85 hours of work on this case; (2) $300 per hour for 11 hours of work performed by a research attorney; and (3) $110 per hour for 9.57 hours of work performed by an administrative assistant. In support of the fee request, Mr. Riley declares that he has been practicing law for over twenty-three years and his research attorney has been practicing law for twenty-four years, but has been with the firm for ten years. Riley also declares that his firm specializes in commercial signal piracy claims, and that this type of work is performed by only a handful of attorneys.

Defendants have not appeared in this case and did not respond to Plaintiff's motion.

*Legal Standard*

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar method is a two-step process. Kelly v. Wengler, 822 F.3d 1085, (9th Cir. 2016). A court first determines the lodestar figure by multiplying the hours reasonably expended by a reasonable hourly rate. Chaudhry v. City of L.A., 751 F.3d 1096, 1110 (9th Cir. 2014); Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). Second, the court may then adjust the lodestar figure upward or downward based on a variety of factors. Chaudrhy, 751 F.3d at 1110; Gonzalez, 729 F.3d at 1202. Because the lodestar figure is presumptively reasonable, adjustment of the figure upwards or downwards should be based on considerations of factors that are not subsumed within the lodestar figure. Ferland, 244 F.3d at 1149 n.4; see also Gonzalez, 729 F.3d at 1202. Fee applicants have the burden of demonstrating that the hourly rate requested is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Chaudrhy, 751 F.3d at 1110; Gonzalez, 729 F.3d at 1205-06. "The relevant community is the forum in which the district court sits." Chaudrhy, 751 F.3d at 1110; see Gonzalez, 729 F.3d at 1205. Finally, "reasonable hours expended" are those that can be reasonably billed to a private client, and it is the fee applicant's burden to submit billing records to establish that the number of hours requested is reasonable. Gonzalez, 729 F.3d at 1202. Courts generally defer to the winning lawyer's professional judgment, but reductions can be made for duplicative and unnecessary work and a deduction of 10% may be imposed without explanation. Chaudrhy, 729 F.3d at 1111.

*Discussion*

1. Lodestar Calculation

    a. Reasonable Hourly Rate

Mr. Riley practices law in the Central District of California, and his requested rates are based on that legal community. Of course, this Court sits in the Fresno Division of the Eastern District of California and it is that "legal community," i.e. the Fresno Division, that forms the basis of a reasonable hourly rate. Chaudrhy, 751 F.3d at 1110.

1 | Recently, Judge Drozd reviewed a fee request by Mr. Riley.  See J&J Sports Prods. v.
2 | Cervantes, 2019 U.S. Dist. LEXIS 30572 (E.D. Cal. Feb. 26, 2019).  Judge Drozd found that
3 | Riley's years of experience, prior fees awards to him within the Fresno Division of $350 per hour,
4 | and a modest cost of living adjustment warranted an award of $375 per hour.  See id. at *7-*8.
5 | Given these considerations, as well as Mr. Riley's specialization in the field signal piracy claims,
6 | the Court agrees that $375 is a reasonable hourly rate for Mr. Riley.

7 | With respect to the research attorney, that attorney has significant legal experience and has
8 | been licensed to practice law longer than Mr. Riley.  However, Plaintiff requests a substantially
9 | less hourly rate for the research attorney than for Mr. Riley.  This could be a result of the research
10 | attorney having been with counsel's firm for ten years, or it could be the result of the law firm
11 | utilizing the research attorney in a role similar to a paralegal.  In *Cervantes*, Judge Drozd noted
12 | that he had previously approved a rate of $210 for the research attorney, but found that a rate of
13 | $225 per hour was reasonable.  See id. at *8.  In the absence of further information from Plaintiff,
14 | or citation to additional precedent regarding rates for "research attorneys," the Court will follow
15 | *Cervantes* and award the research attorney $225 per hour.  See id.

16 | With respect to fees for the administrative assistant, "[w]hen clerical tasks are billed at
17 | hourly rates, the court should reduce requested to account for the billings errors."  Nadarajah v.
18 | Holder, 569 F.3d 906, 921 (9th Cir. 2009).  Courts within this district have rejected attempts by
19 | the Plaintiff's law firm to obtain fees for work performed by an administrative assistant.  These
20 | fees have been rejected because the documentation used to support the claim uses block billing
21 | format (in which several tasks are described under a single block of time) which makes it difficult
22 | to discern clerical from non-clerical tasks, entries by the administrative assistant duplicate those by
23 | an attorney, and ambiguous entries for which it is unknown to what degree clerical work was
24 | performed  as opposed to clerical tasks.  E.g. Cervantes, 2019 U.S. Dist. LEXIS 30572 at *10-*12;
25 | J & J Sports Prods. v. Marini, 2018 U.S. Dist. LEXIS 79429, *4-*5 (E.D. Cal. May 29, 2018); J &
26 | J Sports Prods. v. Martinez, 2017 U.S. Dist. LEXIS 72235, *9-*12 (E.D. Cal. May 10, 2017).
27 | Those concerns apply to the fee request in this case.  For the reasons stated in *Cervantes*, *Marini*,
28 | and *Martinez*, the Court will deny all fees for the work performed by the administrative assistant.

b. <u>Reasonable Hours Expended</u>

Plaintiff has submitted billing information indicating that Mr. Riley has expended 2.85 hours in the prosecution of this case. The Court finds that this is a reasonable amount and will make no deductions.

Plaintiff has submitted billing information indicating that the research attorney expended 11 hours in prosecuting this case. However, of those 11 hours, 6 were expended preparing objections to the F&R. The Court overruled the objections and adopted the F&R in full. The Court found the reasoning and fee award recommended by the F&R to be reasonable and consistent with district practice and precedent. Considering the nature and rejection of the objections by the Court, the finds that it is reasonable to reduce by 3 hours the time spent to file the unsuccessful objections to the F&R.[1] Therefore, the Court finds that the research attorney reasonably spent 8 hours prosecuting this case.

c. <u>Calculation of Lodestar Figure</u>

The lodestar figure for Mr. Riley, comprised of 2.85 hours of reasonable work at $375 per hour, is $1,068.75.

The lodestar figure for the research attorney, comprised of 8 hours of reasonable work at $225 per hour, is $1,800.00.

The total lodestar figure is $2,868.75.

d. <u>Adjustment of Lodestar Figure</u>

Plaintiffs do not request an adjustment of the lodestar figure. Therefore, the Court declines to adjust the lodestar figure upwards or downwards.

e. <u>Conclusion</u>

Plaintiff will be awarded a total of $2,868.75 in attorneys' fees.

2. <u>Costs</u>

Plaintiff seeks $400 for the filing fee and $52.50 for service of process fee. The Court finds both fees to be reasonable and will award both as reasonable costs.

---

[1] The Court notes that simply because a motion or filing by a prevailing party was unsuccessful does not mean that the hours spent on the unsuccessful filing should be reduced or fully rejected. However, considering the nature of the case, the F&R, and the objections, a reduction in time is warranted in this instance.

4

Plaintiff also requests $560 in investigative fees. The document supported in support of this request is an invoice for $560 involving Defendants' business. The invoice has a column for "photos," a column for "license," a column for "video," and a column for "other." Under the columns for "photos" and "license," the word "yes" is typed. Under the column for "video," the word "no" is typed. Under the column for "other," the figure of $10.00 is typed. Noting that courts within the Ninth Circuit routinely deny awarding costs for an investigation under 47 U.S.C. § 605, this Court has followed suit and declined to grant costs for "investigative activities." See Marini, 2018 U.S. Dist. LEXIS 79429 at *7-*8. The *Cervantes* order recently recognized a split in authority regarding investigative costs. See Cervantes, 2019 U.S. Dist. LEXIS 30572 at *12-*13. However, in part, *Cervantes* found the reasoning of cases like *Joe Hand Promotions v. Albright*, 2013 U.S. Dist. LEXIS 114378 (E.D. Cal. Aug. 13, 2013) and *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F.Supp.2d 59, 67 (E.D. N.Y. 2006) to be instructive. Those cases require documentation beyond the submission of a bare invoice to be provided to support an award of investigative costs. See Cervantes, 2019 U.S. Dist. LEXIS 30572 at *13-*14. Here, even if the Court reconsidered its prior conclusion in *Marini*, the bare invoice submitted is insufficient to justify an award of costs. Therefore, the Court declines to award Plaintiff costs for investigative fees. See id.

In sum, the Court will award Plaintiff $452.50 in costs.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for attorneys' fees (Doc. No. 18) is GRANTED in so far as Plaintiff is awarded $2,868.75 in attorneys' fees and $452.50 in costs, for a total award of $3,321.25.

IT IS SO ORDERED.

Dated: __April 2, 2020__  _____
SENIOR DISTRICT JUDGE